<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE CALLAHAN, | Civil Action No. 13-3147 (SRC) |
| Plaintiff, | |
| v. | OPINION |
| UNITED STATES POSTAL SERVICE et al., | |
| Defendants. | |

<u>**CHESLER**</u>, District Judge

  This motion comes before the Court on the motion to dismiss the Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for lack of subject-matter jurisdiction and failure to state a valid claim for relief, or, in the alternative, the motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56, by Defendants United States Postal Service ("USPS"), Wilfred Belanger, Deborah Fortunato, and Garry Massa (collectively, "Defendants"). For the reasons stated below, the motion for summary judgment will be granted.

  Plaintiff, a USPS employee, filed a Complaint with three claims of employment discrimination in violation of New Jersey's Law Against Discrimination ("NJLAD") in the Superior Court of New Jersey; the case was removed to this Court. The USPS responded by moving to dismiss the Complaint. This Court granted the motion to dismiss, dismissed the Complaint without prejudice, and granted Plaintiff leave to file an Amended Complaint, which Plaintiff did. Defendants now move to dismiss the Amended Complaint or, in the alternative, for summary judgment.

Defendants move to dismiss the Amended Complaint, or seek summary judgment, on three grounds: 1) Plaintiff did not sue the correct entity, the Postmaster General; 2) Plaintiff failed to timely exhaust his discrimination claims; and 3) a settlement bars some of Plaintiff's claims. Because this Court finds that the second argument succeeds, the other two arguments need not be reached. Because adjudication of the exhaustion issue requires reference to factual matters extrinsic to the Amended Complaint, this Court will rule on Defendants' motion in the alternative for summary judgment.

The Amended Complaint asserts three claims of employment discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act, 29 U.S.C. § 701. Defendants move for summary judgment on all claims on the ground that Plaintiff failed to exhaust administrative remedies, as required by Title VII.

The Third Circuit has held:

> In Title VII actions, failure to exhaust administrative remedies is an affirmative defense in the nature of statute of limitations. Because failure to exhaust administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving that the plaintiff has failed to exhaust administrative remedies.

Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997) (citations omitted).

Defendants bear the burden of proof of the affirmative defense of failure to exhaust administrative remedies. "When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)).

Defendants' L. Civ. R. 56.1 Statement cites the statement in the Cedeno Declaration that Plaintiff never contacted the Postal Service EEO office regarding the allegations in the Amended Complaint. (Defs.' 56.1 Stmt. ¶¶ 9, 10.) This is sufficient to show a reasonable jury that Plaintiff failed to exhaust administrative remedies. The summary judgment burden then shifts to Plaintiff to raise a material factual dispute. Local Civil Rule 56.1(a) states:

> On motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion. A motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed. The opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion.

Plaintiff did not submit, with his opposition papers, a responsive statement of material facts. Thus, Plaintiff did not dispute any of the material facts asserted by Defendants, and Defendants' L. Civ. R. 56.1 Statement is deemed undisputed for purposes of the summary judgment motion. Plaintiff has thus failed to raise any material factual dispute and has failed to defeat Defendants' motion for summary judgment.

Even if this Court were to overlook Plaintiff's failure to file a L. Civ. R. 56.1 statement, and were to consider the evidence that Plaintiff has submitted, the decision would be the same. The Amended Complaint itself expressly alleges that Defendants negligently failed to allow Plaintiff to exhaust his administrative remedies. (Am. Compl. ¶ 33.) There appears to be no real dispute that Plaintiff did not, in fact, exhaust his administrative remedies. The question is, then, since Title VII requires exhaustion of administrative remedies, and since there is no dispute that

Plaintiff failed to do so, does this Court have any legal basis to deny the motion for summary judgment?  Plaintiff's opposition brief does not offer a legal argument providing any such basis.  Instead, the brief contends that Plaintiff attempted to exhaust his administrative remedies, and that the Postal Service negligently refused to process his requests.

  As Defendants argue in the reply brief, however, this argument is not supported by the evidence of record.  The evidence offered by Plaintiff shows that, on November 30, 2010, Plaintiff properly initiated a case with the USPS EEO Office.  (Sciria Cert. Ex. A.)  There is no dispute that this case was subsequently settled.  On February 27, 2012, Plaintiff's attorney attempted to file another claim with the Newark office of the Equal Employment Opportunity Commission, which responded with a letter directing Plaintiff to proceed with an EEO counselor at his employer.  (Sciria Cert. Exs. D, E.)  Plaintiff then points to two letters sent by his attorney to a Judge Macauley at the New York office of the EEOC.  (Sciria Cert. Exs. F, G.)

  Plaintiff argues, on this basis, that his claims were ignored.  Yet, what the evidence shows clearly is that Plaintiff knew how to properly initiate a complaint with the USPS EEO office, that his attorney contacted the wrong agency and was directed to follow up with the correct USPS EEO office, but that the attorney continued to write letters to the wrong agency.  While Plaintiff has not properly argued that he is entitled to a waiver of the exhaustion requirements on an equitable basis, these facts do not support the granting of such a waiver.  The undisputed evidence shows only an attorney making a good faith but misdirected and unsuccessful effort to meet the exhaustion requirements.  There is no evidence that the USPS EEO office was presented with a second discrimination claim and failed to respond to it.  Plaintiff has shown no fault on the part of Defendant in responding to any of Plaintiff's properly-directed complaints for

4

employment discrimination.  This Court does not see any basis to excuse Plaintiff's failure to exhaust administrative remedies.  Plaintiff failed to exhaust the administrative remedies required to file a Title VII action, and the motion for summary judgment on the Title VII claims will be granted.

This resolves the first two claims in the Amended Complaint, which allege employment discrimination in violation of Title VII.  The third claim alleges employment discrimination in violation of the Rehabilitation Act by "failing to allow the deceased plaintiff to exhaust his administrative remedies." (Am. Compl. ¶ 51.)  Because this Court has determined that the undisputed evidence of record shows that Defendants did not fail to allow Plaintiff to exhaust his administrative remedies, summary judgment will be granted in favor of Defendants on the Rehabilitation Act claim.

Defendants' motion for summary judgment is granted, and judgment will be entered in Defendants' favor on all claims in the Amended Complaint.

                                                         s/ Stanley R. Chesler
                                            Stanley R. Chesler, U.S.D.J

Dated: June 25, 2014